J-A24013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE WARE | : | |
| | : | |
| Appellant | : | No. 2731 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 1, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000062-2023

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED DECEMBER 31, 2024**

Eugene Ware appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, following his convictions of one count each of third-degree murder,[1] possession of an instrument of crime (PIC),[2] and person not to possess firearm.[3]  After careful review, we affirm.

Several years prior to the instant offenses, Ware supplied Tyone Guy with Percocet, Xanax, ecstasy, and marijuana.  Guy then resold the drugs and reimbursed Ware.[4]

_____

[1] 18 Pa.C.S.A. § 2502(c).

[2] *Id.* at § 907.

[3] *Id.* at § 6105(a)(1).

[4] At trial, Shaakira Harris, Guy's wife, testified extensively to Guy's medical issues and stated that some of the drugs acquired from Ware were for Guy's personal use.  *See* N.T. Jury Trial (Day 2), 6/13/23, at 7-18, 20-24.

On October 29, 2022, Guy met with Ware and obtained drugs for resale. Later that day, Ware texted Harris, that the price per pill increased to $6.00. Guy responded that Ware should have told him about the price increase prior to delivering the drugs. An argument ensued via text and Ware demanded that Guy "just give me my shit and we good." Guy and Ware continued to argue on a phone call. At 6:43 p.m., Ware texted Guy that he was outside his house. Guy responded that he and Harris were not home but that they would be there shortly. Ware texted "[t]his really the way y'all wanna do it." By the time Guy and Harris returned home, Ware was gone. Ware later called Guy and left a voicemail that said "[w]e good. I don't want no smoke." Guy and Ware did not communicate again until November 21, 2022.

On November 21, 2022, shortly before 10:00 p.m.,[5] Guy received a phone call from Ware, after which Guy left his house and walked approximately two blocks to the intersection of West Main and Noble Streets in Norristown, where he met with Ware. Guy and Ware argued, and Guy recorded their confrontation. Ware is depicted on the video with his right arm behind his back. During the argument, Ware knocked the cell phone out of Guy's hand. The phone landed camera side down but still recorded audio. Two seconds after the phone was knocked out of Guy's hand, two gunshots were fired.

_____

[5] The cell phone video that captured the events of November 21, 2022, described *infra*, began recording at 9:50 p.m. **See** N.T. Jury Trial (Day 1), 6/12/23, at 106.

At 10:01 p.m., Corporal Jason Hoover of the Norristown Police Department responded to a report of shots fired at the intersection of Noble and West Main Streets. Corporal Hoover and seven other officers responded to the scene, where they discovered Guy, unresponsive, face down in a pool of blood on the West Main Street sidewalk between Noble and Stanbridge Streets, with a gunshot wound on his left thigh. Guy was transported, via ambulance, to the hospital, where he was pronounced dead.

Underneath Guy's body, Corporal Hoover located Guy's cellphone, which was still recording. Corporal Hoover seized the phone for later analysis. Corporal Hoover also recovered, *inter alia*, 40-caliber and 9-millimeter shell casings in close proximity to Guy's body. Police located a blood trail leading to where Guy's body was located. The 40-caliber shell casing was found near the beginning of the blood trail. The 40-caliber shell casing was later identified to be from a Smith and Wesson, and the 9-millimeter shell casing was from a Sig Sauer. No firearm was recovered.

Detective Gregory Henry of the Montgomery County Detective Bureau reviewed the video recording on Guy's cell phone. In addition to the above-described argument, the video recording depicted a Cadillac that Ware had rented from Avis.[6]

---

[6] At 1:47 a.m. on November 22, 2022, Ware returned the Cadillac to Avis and, at 1:58 a.m., rented a Dodge Charger.

On November 22, 2022, Dr. Victoria Sorokin conducted Guy's autopsy. Doctor Sorokin noted that there were external injuries to Guy's face, lacerations to his scalp and lip, and abrasions on his forehead. Doctor Sorokin determined that these injuries could have resulted from several blows to the head, or from Guy's collapse onto the ground. Doctor Sorokin determined the cause of death was from the gunshot to his left thigh, which severed Guy's femoral artery.

Police secured and executed a search warrant on Ware's home. Police recovered, *inter alia*, the same pants that Ware wore during the November 21, 2022, shooting, as depicted in the recorded video. Ware's other clothing was not located. However, police discovered that Ware's home had a home security system with recordings from the evening and morning after the shooting. At 10:43 p.m., Ware's home security system depicted Ware returning to his house driving the same Cadillac and wearing the same clothes. At 11:04 p.m., Ware is shown exiting his house, having changed his clothes. At 4:01 a.m., Ware returns to the house driving the Dodge Charger he rented from Avis. Ware's pants were sent to the Pennsylvania State Police Laboratory, which determined that gunshot residue was present on the pants.

On November 30, 2022, Ware was arrested and charged with the above-mentioned offenses. On June 12, 2023, after pre-trial procedure not relevant to the instant appeal, Ware proceeded to a four-day bifurcated jury trial on,

*inter alia*,[7] the above-mentioned murder and PIC offenses. The person not to possess firearm offense was heard by the trial court, sitting without a jury. Ware was convicted of the above-mentioned offenses. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report.

On September 1, 2023, the trial court sentenced Ware to an aggregate term of 25 to 50 years' incarceration. Ware filed timely post-sentence motions.[8] The trial court denied Ware's post-sentence motions on September 19 and 20, 2023.

Ware filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Ware now raises the following claim for our review: "Are [Ware]'s convictions for [third-degree] murder [] and [PIC] not supported by sufficient evidence because the Commonwealth failed to prove that [Ware] possessed a firearm and that [Ware] was the person who fired the fatal shot?" Brief for Appellant, at 2.

Ware has waived both of his sufficiency claims. Throughout his six pages of argument on these claims, Ware consistently conflates sufficiency of the evidence with weight of the evidence. *See Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (explaining differences between sufficiency

---

[7] Ware was also charged with first-degree murder and the jury found Ware not guilty of this offense.

[8] Ware filed his post-sentence motions on September 8, 2023 and September 11, 2023, respectively. Both were filed within the 10-day window as provided by Pa.R.Crim.P. 720. *See* Pa.R.Crim.P. 720(A)(1)(1) ("a written post-sentence motion shall be filed no later than 10 days after imposition of sentence").

and weight challenges). Here, Ware's arguments rely upon assertions that his own testimony should have been believed over the Commonwealth's evidence, and that the Commonwealth's evidence was not credible. *See* Brief for Appellant, 9-15. These contentions are more properly construed as weight of the evidence arguments because, in analyzing sufficiency claims, this Court is required to consider all of the evidence in the light most favorable to the Commonwealth as the verdict winner and may not reweigh the evidence or make credibility determinations. *See Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014) (appellate court must view all evidence in light most favorable to verdict winner and may not reweigh evidence or substitute its judgment for that of jury); *see also Commonwealth v. Watkins*, 843 A.2d 1203, 1211 (Pa. 2003) (trier of fact, while passing upon credibility of witnesses and evidence, is free to believe all, part, or none of evidence). Consequently, we conclude that Ware's sufficiency challenges are actually weight claims masquerading as sufficiency claims and, thus, we find them waived.[9] *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (weight claim masquerading as sufficiency claim subject to dismissal).

_____

[9] We observe that Ware preserved challenges to the weight of the evidence in his timely filed post-sentence motions. However, Ware did not include these claims in his Rule 1925(b) concise statement. *See* Pa.R.A.P. 1925(b)(4)(ii) ("The [s]tatement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."). Indeed, in his Rule 1925(b) concise statement, Ware only raises challenges to the **sufficiency** of the evidence. *See* Rule 1925 Statement of Matters Complained of on Appeal, 11/8/23, at 1-2. Thus, even if Ware had raised these claims as weight of evidence challenges in his brief, we would find them waived.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/31/2024</u>